ALD-300                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2339
_____

JOHN J. POWERS,
                                                    Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 4:20-cv-00138)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 10, 2020

Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 5, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner John Powers appeals pro se from the District Court's order denying his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm that order.

I.

A federal prisoner who is serving a prison term of more than one year (but not life in prison) may, in a given year, earn a credit of up to 54 days for good-conduct time ("GCT"), so long as the Bureau of Prisons ("BOP") determines that he or she "displayed exemplary compliance with institutional disciplinary regulations" during that year. 18 U.S.C. § 3624(b)(1). If the BOP instead "determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit [for that year] . . . or shall receive such lesser credit [for that year] as the [BOP] determines to be appropriate." Id. "Until recently, although [§ 3624(b)(1)] provided that prisoners could earn 'up to 54 days' each year for exemplary compliance, the BOP used a calculation that allowed a maximum of only 47 days." Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019).[1] However, the First Step Act of 2018 ("the FSA") amended § 3624(b) "to require the BOP to permit up to 54 days per year." Bottinelli, 929 F.3d at 1197 (citing the FSA). This amendment applies retroactively to offenses committed on or after November 1, 1987. See id. at 1198 (quoting the FSA). With these points in mind, we turn to Powers's case.

_____

[1] The Supreme Court upheld that 47-day calculation in Barber v. Thomas, 560 U.S. 474, 476 (2010).

2

Powers has been a federal prisoner since 1989. Before the FSA was enacted, it appears that the BOP awarded him 47 days of GTC for some years and, in other years, awarded him either fewer days of GTC or no GTC at all due to various prison disciplinary infractions. After the FSA's enactment, the BOP recalculated his GTC total using the 54-days-per-year maximum. Based on that recalculation, the BOP determined that, as of July 2019, he had earned 1006 days of GTC (out of a possible 1620 days), and that, during the remainder of his prison sentence, he could earn up to an additional 132 days of GTC.

Powers objected to the BOP's recalculation. After his attempts to obtain relief from the BOP were unsuccessful, he filed a pro se habeas petition in the United States District Court for the Middle District of Pennsylvania pursuant to § 2241.[2] "The crux of [Powers's habeas claim] is that after the First Step Act was implemented, he should have been awarded the full 54 days [of GTC for *each and every year of imprisonment*]," and "that his disallowed [GCT] should have been restored after the recalculation." (Dist. Ct. Op. entered June 17, 2020, at 3 [hereinafter Dist. Ct. Op.].) In other words, Powers's position was that, in light of the FSA's enactment, the BOP should have awarded him 1620 days of GTC, not 1006 days.

---

[2] That court was the proper venue for Powers's habeas petition. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004) (indicating that a § 2241 petition should be filed in the district of confinement).

The Government opposed Powers's habeas petition, arguing that the BOP had properly calculated his amount of GTC. In June 2020, the District Court denied Powers's habeas petition on the merits. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[3] We "review[] a district court's denial of federal habeas relief *de novo* but review[] its factual findings for clear error." Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

We find no error in the District Court's denial of Powers's habeas petition. "In essence, [Powers] believes that the First Step Act should provide him with a disciplinary clean slate." (Dist. Ct. Op. 3.) But he has provided no authority to support this position, and neither the District Court nor we have found any such authority. As the District Court correctly observed, the FSA did not alter the language in § 3624(b)(1) that gives the BOP the authority to award either no GTC or less than the full amount of GTC in a given year if the BOP determines that the prisoner did not satisfactorily comply with the BOP's disciplinary regulations during that year. The BOP's exercise of that authority in Powers's case does not run afoul of the FSA, and we see no potentially meritorious argument that, notwithstanding his history of prison disciplinary infractions, the BOP was required to award him the maximum amount of GTC for each and every year that he has been incarcerated.

---

[3] Powers does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

We have considered the various arguments presented by Powers, including those raised in his Informal Brief (which has been filed as a document in support of this appeal), and we conclude that none has merit. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order denying Powers's habeas petition. <u>See</u> 3d Cir. I.O.P. 10.6. Powers's "Motion for Summary Reversal and Remand Per L.A.R. 27.4" is denied, as is his motion to be released from prison pending the disposition of this appeal.